WALLACE, JUDGE:
The claimants own a residence and property on Ten Mile Road also known as. State Route 52, in Lincoln County, West Virginia. The road is located adjacent to and below their property. A slide area developed in the road in front of the claimants’ property which claimants allege resulted in damage to their property in the amount of $4,652.56.
Claimant Elbert Watts testified that the claimants built their home in 1975, but were forced to have the house moved in 1978 due to the slide condition. During this time, employees of the respondent placed stone and tar on the road in an attempt to maintain the road for local traffic. The claimants contacted the *303 respondent several times in 1979, and, two drainpipes were placed under the road in an attempt to prevent further sliding. This action did not cure the slide condition. Surface water did not drain properly but continued to remain in the ditch line adjacent to claimants’ property.
Larry Adkins, county maintenance supervisor for the respondent in Lincoln County until August, 1978, testified that he observed the slide condition in the winter of 1977-78. He stated that the road was slipping toward another road cut below the State road. He recommended that “sheet piling or something” be placed to stabilize the condition, but this work was not performed.
Stanford Verdayne Shelton, an employee of the respondent, testified that he put fill stone on the road in the vicinity of claimants’ property during the winter and spring of 1978.
James Armenia, a soils geologist with the Materials and Control Soil and Testing Division of the Department of Highways, investigated the slide area in March, 1978. As a result of his observations, a program of drilling holes in the slide area was undertaken for the gathering of informaton to help determine the corrective measures to be taken on the slide area. He stated that, in his opinion, the slide condition existed due to several factors, including the saturation of water in the ground and the casting over and failing to compact the tallis material upon which claimants’ house was built when it was relocated.
From the record, it appears to the Court that the drainage problem created by the failure of the respondent to maintain the ditch line and the condition of the soil of the slope on claimants’ property created the condition which encouraged the slide. The Court is of the opinion that the negligence on the part of the respondent in failing to take remedial action caused the slide condition to progress, and that the claimants were also negligent in failing to properly compact the slope on their property when their house was relocated. Applying the doctrine of comparative negligence, the Court believes that the negligence should be allocated 20% to the claimants and 80% to the respondent. Bradley v. Appalachian Power Co., ....W.Va...., 256 S.E.2d 879; Adkins v. Department of Highways, 13 Ct.Cl. 355 (1979). As $4,652.56 is the amount sought by the claimants, 80% of that sum or $3,722.05, should be, and is hereby, awarded.
Award of $3,722.05.